# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10451
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 4, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

URIEL AGUIRRE-ARZATE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-291-2

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Uriel Aguirre-Arzate pleaded guilty to possessing with intent to distribute methamphetamine.  *See* 21 U.S.C. § 841(a), (b)(1)(C).  The district court varied below the range advised by the Sentencing Guidelines and imposed a 180-month term of imprisonment.  Also, the court imposed a three-year term of supervised release.  On appeal, Aguirre-Arzate contends that counsel rendered ineffective assistance by not objecting to the firearms

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enhancement of his base offense level and to a prosecutorial comment at sentencing that Aguirre-Arzate thought prejudicial.

A proceeding under 28 U.S.C. § 2255 is the favored forum for litigating federal prisoners' claims of ineffective assistance of counsel. *Massaro v. United States*, 538 U.S. 500, 504-09 (2003). We adjudicate "claims of inadequate representation on direct appeal only in rare cases where the record" permits a fair evaluation of the claims. *United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987).

The record before us is devoid of information about any strategic decisions concerning sentencing challenges and about any agreements between Aguirre-Arzate and counsel in that regard. Additionally, in light of Aguirre-Arzate's assertion that counsel's omissions influenced the court's sentence selection, the recollections of the district court about sentencing factors and its choice of a variance sentence may inform the analysis of the ineffectiveness claims. *See Massaro*, 538 U.S. at 506; *see also Friedman v. United States*, 588 F.2d 1010, 1015 n.7 (5th Cir. 1979).

Aguirre-Arzate's notions about what factors swayed the district court in imposing its sentence may or may not be correct, but the record as now constituted does not allow us to judge that matter fairly. *See Massaro*, 538 U.S. at 504-09; *see also United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). In sum, Aguirre-Arzate does not present any justification for "an exception to [the] general rule of non-review" on direct appeal. *United States v. Stevens*, 487 F.3d 232, 245 (5th Cir. 2007). Accordingly, we decline to consider the ineffectiveness claims on direct appeal without prejudice to Aguirre-Arzate's right to assert them on collateral review. *See Isgar*, 739 F.3d at 841.

The judgment of the district court is AFFIRMED.